■ CHARLES J. MEILAK et al. Appellants, v. ATLANTIC CEMENT COMPANY, INC., Respondent.— Judgment affirmed, without costs, on the authority of *Boomer* v. *Atlantic Cement Co.* (30 A D 2d 480). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

(November 15, 1968)

■ In the Matter of WILLIAM P. CURRAN, an Attorney, Respondent. ULSTER COUNTY BAR ASSOCIATION, Petitioner.— *Per Curiam.* Disciplinary proceedings instituted by the Ulster County Bar Association. Respondent was admitted to the Bar on December 3, 1956 at a term of the Appellate Division in the First Judicial Department. The Referee has found respondent guilty of professional misconduct in the solicitation of a negligence claim from a family acquaintance whose husband had been seriously injured in an accident on the previous evening. There is ample evidence in the record to support this determination, and the Referee's report is hereby confirmed. In view of certain mitigating factors, however, including respondent's youth and inexperience at the time when the misconduct occurred, we deem censure to be sufficient punishment. Respondent censured. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of EDWARD A. MOEHRINGER, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— *Per Curiam.* Disciplinary proceedings instituted by the New York State Bar Association. Respondent was admitted to the Bar on October 18, 1954, at a term of the Appellate Division of the Supreme Court in the Third Judicial Department. The Referee has found respondent guilty of misappropriating $4,969.55 which had been entrusted to him by a client in the course of a contract dispute. The record indicates that respondent has absconded. The Referee's determination is supported by the evidence and is hereby confirmed. Respondent disbarred, with leave to apply to defend himself against the charges within one year from the date of the order entered hereon as provided by subdivision 6 of section 90 of the Judiciary Law. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ In the Matter of ANTHONY TUFFIELD TOLOSKY, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— *Per Curiam.* Disciplinary proceedings instituted by the New York State Bar Association. Respondent was admitted to the Bar on November 8, 1956 at a term of the Appellate Division in the Third Judicial Department. The Referee has found respondent guilty of issuing worthless checks. The record indicates that respondent has absconded. The proof of guilt is clear, and the Referee's report is hereby confirmed. Respondent disbarred, with leave to apply to defend himself against the charges within one year from the date of the order entered hereon as provided by subdivision 6 of section 90 of the Judiciary Law. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO LOUIS ACEVEDO, Petitioner, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Motion for leave to renew granted, without costs, and, upon renewal, application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied as insufficient on its face. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur.